JAMES BOGGS and others v. ALFRED CHICHESTER and LEWIS M. FORCE.

JAMES BOGGS and others v. ALFRED CHICHESTER, LEWIS M. FORCE, CHARLES J. SHIPMAN and JAMES H. ROBINSON.

Bail can take advantage of an irregularity in issuing a _ca. sa._ against the original defendants, as it is in the nature of notice to them. It is the settled practice in this State, that the _ca. sa._ should be in the hands of the officer four days before the return thereof.

On setting aside an irregular proceeding, the party against whom it has been taken, is not liable to costs.

In the first case a judgment was obtained by the plaintiffs against the defendants in this court on the eighth day of May, the present term, and on the same day a _ca. sa._ was issued, and directed to the sheriff of the county of Essex, returnable to the eleventh of May, 1832. The sheriff's return was "_non est._" In the second case, a summons in debt was issued, and directed to the same sheriff, tested the last Tuesday in February, 1832, and made returnable the 17th of May, present month. The sheriff returned, that he " made a personal service of this summons, on Charles J. Shipman, on Monday the 14th day of May, 1832, and _non est_, as to the other defendants."

The _Attorney General_ moved to quash the _ca. sa._ issued in the first case.

1. Because between the receipt, and return of the writ, there were but two days. He insisted, that in England the _ca. sa._ must be in the office four days—and cited 1 _Arch. Pr._ 320. The proceeding was intended merely to fix, and to give notice to the bail. 13 _East. Rep._ 591; 2 _Tidd. Pr._ 1148; 1 _East._ 89; 1 _Barn. & Ald._ 528; 2 _Sellon, Pr._ 121.

This then is the practice in England, The same practice was adopted in the State of New York, 2 _Dunlap, Pr._ 205. The court will hold the party, who endeavors to fix the bail to strict rule. 1 _Tidd. Pr._ 307 ; 1 _Ld. Ray._ 156—721.

2. Because the _ca. sa._ issued on the first day of the term, and is made returnable on Tuesday the eleventh of May instant, and does not say in the term of May. A writ may be made returnable after the first day of the term ; but then the day ought to be named in the writ, in order to shew that the return day was within the term.

14

Boggs *v.* Chichester.

The *Attorney General* then moved to set aside the summons issued against the defendants and the bail.

1. Because the summons does not shew that it was issued on a recognizance of bail.   The writ should shew this, that the bail may have an opportunity to defend.   *Arch. Forms* 22; *Tidd. do.* 32. The party might have issued a *scire facias ;* but if he issue a summons it must appear to be on a recognizance.

2. Because the summons is against the defendant and bail. It ought to have been against the bail alone, notwithstanding the defendant and bail have all joined in the recognizance ; their responsibilities were different.

3. Because it is tested prior to the test of the *ca. sa.* which was on the 8th May.   The case in 2 *Bos. & Pul.* 235, shews, that the writ may be tested prior to the return of the *ca. sa.* but it cannot be tested prior to the test of the *ca. sa.*

4. Because it is not tested in the term it issued.   If a writ issue after the first day of the term, it must be tested in that term.   · 16 *John. Rep.* 145 ; 2 *John. Rep.* 190.

5. Because the writ is tested previous to the judgment against the principal defendant; and yet this writ is founded on the judgment. · ·2 *Sellon's Pr.* 121.   ·

6. Because the writ is returned to the same term with the *ca. sa.*   Under the provisions of our statute the bail have the whole term to render the defendant.   In England the bail have eight entire days in term to render the principal, and if there are not eight entire days in term, after the return of the *ca. sa.* the bail have the remainder of the eight days in the next term. *Arch. Pr.* 312 ; 1 *Ld. Ray.* 720 ; 14 *East. Rep.* 537 ; 7 *T. R.* 355 ; 8 *T. R.* 422 ; 2 *Stra.* 915 ; 2 *Sellon*, 124 ; 1 *Tidd. Pr.* 302; and in certain cases there is an extension of time beyond the eight days.   3 *Caines Rep.* 136 ; 4 *John. Rep.* 480 ; 1 *John. Cases*, 414, 329.

We have in New Jersey no statute provision allowing this general practice of giving eight days in term time : but bail has the whole of the term, after the return of the *scire facias*, before he is fixed.   *Rev. Laws*, 419, *sec.* 43, 44.

*W. Pennington* answers.

1. As to the objections to the *ca. sa.*   The bail cannot object,

for they are not parties. *Arch. Pr.* 320 ; 2 *Ld. Ray.* 1096 ; *Bur.* 1187.

This is not an application on the part of bail for an extension of time under peculiar circumstances ; but they complain of illegality. The practice in England has no doubt been stated correctly, but it has never been adopted in New Jersey. Since the case in *Cox. Rep.* 110, there has been no practice of a *ca. sa.* remaining four days in the sheriffs' hands. As to the return of the *ca. sa*—if in fact the return day was in term time, it need not appear on the writ.

2. As to the objections to the summons, no authority can be produced to shew, that it must appear on the writ, that you are suing on recognizance. The cause of action appears in the declaration. As to the suit being against principal and bail, it is plain that when principal and two sureties enter into bail jointly and severally, you may sue each singly, but you cannot join two and leave out one. As to the test of the summons, the plaintiff had a cause of action on the return of the *ca. sa.* " *non est ;*" and this action is governed by the same rules of practice with other cases, and there is no rule forbidding the testing a summons antecedent to judgment. The testing the summons anterior to the return of the *ca. sa.* does not vitiate. 1 *Arch. Pr.* 323, 74 ; 5 *Taunt.* 653. The cases cited from the New York Reports are under their statute and do not apply.

*Attorney General* replies.

EWING, C. J. The bail may avail themselves of this objection. Where the *ca. sa.* is directed to the officer in order to charge and fix the bail, they have an interest in the proceeding. For it is in the nature of notice and they have a right to object to irregularity in it. This principle has been adopted in practice. In the case cited from *Cox's Reports*, the bail made the objection.

As to the validity of the objection there can be no doubt, that the *ca. sa.* should have been four days in the hands of the officer, before the return thereof. This is the settled practice in England, has been recognized as the practice of this court, and is founded on reason and justice. The case in *Cox. Rep.* is directly in point. The practice act, it is true, has been passed since, and in this

particular is silent. We therefore stand upon the practice as settled in *Cox. Rep.* It would be wrong to fix the bail with the payment of large sums, without some opportunity of protecting themselves; and this too upon little more than two days, and upon a summons taken out during the same term, and served personally. The term may expire before the bail could procure the defendant, if residing at a distance. The *ca. sa.* must be quashed.

Justice DRAKE concurs with me.

*Pennington* enquired, if the defendants ought to pay costs.

BY THE COURT. On set ting aside an irregular proceeding, the party against whom it has been taken, is not obliged to pay costs. When the bail come to be relieved, after a regular summons, they ask a favor, and the statute requires them to pay costs; but here they come to ask a right, to be relieved against an irregular proceeding, and they ought not to pay costs.

CITED in *Vanwinkle* v. *Alling,* 2 *Harr.* 448 ; *Hunt* v. *Allen,* 3 *Zab.* 622.